Filed 4/8/22  P. v. Mello CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077039 |
| v. | (Super.Ct.No. CR27819) |
| WILLIAM DOUGLAS MELLO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, William Douglas Mello, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court summarily denied. On appeal, defendant contends the court erred in denying his petition. We affirm.[2]

## I.  PROCEDURAL BACKGROUND

On November 9, 1989, a jury found defendant guilty of first degree murder (§ 187), first degree burglary (§ 459), and robbery (§ 211). The jury further found true special circumstance allegations that defendant committed the murder while engaged in a robbery (§ 190.2, subdivision (a)(17)(i)) and a burglary (§ 190.2, subd. (a)(17)(vii)). The court sentenced defendant to imprisonment for life without the possibility of parole.

On March 15 2021, defendant filed a petition for resentencing pursuant to section 1170.95. At a hearing on April 9, 2021, the People noted that defendant was ineligible for the relief requested because the jury had found true special murder circumstances. The court reviewed its own records and observed there "were two special allegations that were found. . . . [¶] The defendant is ineligible for relief as a matter of law. . . . [T]he special circumstance finding would have required the jury to find if defendant was not the actual killer, the defendant . . . was an aider and abettor [who] entertained a specific intent to kill or [was] a substantial participant acting with a reckless disregard." The court denied the petition.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  Defendant also filed a petition for writ of habeas corpus (*In re Mello*, June 2, 2021, E077163), which we ordered considered with this appeal. We will resolve that petition by separate order.

## II.  DISCUSSION

Defendant maintains the court erred in denying the petition prior to allowing briefing.[3]  Defendant further contends the court erred in summarily denying his petition because the jury rendered the special circumstance findings prior to the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.  We disagree.

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 [(2017-2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats 2018, ch. 1015, § 1, subd. (f).)  In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*Lewis*, *supra*, 11 Cal.5th at p. 959.)[4]

---

[3]  Defendant notes that he did not request appointment of counsel and that, therefore, the court did not err in not appointing him counsel.  (*People v. Lewis* (2021) 11 Cal.5th 952, 961 (*Lewis*).)  Counsel appeared for defendant at the hearing at which the court denied the petition.  Counsel indicated:  "I communicated with the panel this morning and they said that they have not yet assigned it, so they asked me if I would just appear to set it for dates."

[4]  The Legislature amended section 1170.95 (Stats. 2021, ch. 551, § 2), effective January 1, 2022, with Senate Bill No. 775 (2021-2022 Reg. Sess.).  "The amendment also codifies certain holdings in *Lewis* . . . ." (*People v. Mejorado* (2022) 73 Cal.App.5th 562, 568, fn. 2.)

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' [Citations.] Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.'" (*Lewis*, *supra*, 11 Cal.5th at pp. 959-960.)

"[P]etitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition . . . ." (*Lewis*, *supra*, 11 Cal.5th at p. 957.) "[O]nly *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'" (*Ibid.*)

"A denial at [the prima facie] stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo." (*People v. Murillo* (2020) 54 Cal.App.5th 160, 167, review granted Nov. 18, 2020, S264978; accord, *People v.*

*Galvan* (2020) 52 Cal.App.5th 1134, 1137, 1142, review granted Oct. 14, 2020, S264284.)

"In finding [a] felony-murder special circumstance true, [a] jury necessarily [finds] appellant either acted with intent to kill or was a major participant . . . who acted with reckless indifference to human life. This finding establishes that appellant is ineligible for section 1170.95 relief as a matter of law." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947; accord *People v. Nunez* (2020) 57 Cal.App.5th 78, 91, review granted Jan. 13, 2021, S265918; accord *People v. Jones* (2020) 56 Cal.App.5th 474, 482, review granted Jan. 27, 2021, S265854 ["A defendant with a special circumstance finding under section 190.2, subdivision (d) is not eligible for relief under section 1170.95 as a matter of law."]; accord *People v. Murillo*, *supra*, 54 Cal.App.5th at p. 167 [true finding on burglary special murder circumstance rendered defendant ineligible for § 1170.95 relief]; accord, *People v. Galvan*, *supra*, 52 Cal.App.5th at pp. 1137, 1140-1141 [any murder special circumstance finding under § 190.2, subd. (a)(17), renders a defendant ineligible for § 1170.95 relief as a matter of law]; cf. *People v. Gomez* (2020) 52 Cal.App.5th 1, 15, review granted Oct. 14, 2020, S264033 [the jury's true findings on robbery and kidnapping special circumstance allegations rendered defendant ineligible for § 1170.95 relief as a matter of law]; contra, *People v. Smith* (2020) 49 Cal.App.5th 85, 94, review granted July 22, 2020, S262835 [a jury's special circumstance finding does not preclude § 1170.95 eligibility as a matter of law]; accord *People v. York* (2020) 54 Cal.App.5th 250, 258, review granted Nov. 18, 2020, S264954; *People v. Secrease* (2021) 63 Cal.App.5th 231, 254, review granted June 30, 2021, S268862.)

5

The *Lewis* court announced a harmless error standard when a trial court deprives a defendant of his statutory rights under section 1170.95: "[W]e conclude that the deprivation of [the defendant's] right to counsel under subdivision (c) of section 1170.95 was state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818." (*Lewis*, *supra*, 11 Cal.5th at pp. 957-958.) "[A] petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id.* at p. 974.) We presume that standard would also apply to the deprivation of defendant's statutory right to briefing. Thus, defendant has the burden of showing that it is reasonably probable that if he had been afforded the right to file a reply brief, his petition would not have been summarily denied.

Here, defendant cannot bear the burden of showing that it is reasonably probable that his petition would not have been summarily denied if he had been permitted briefing on the matter. We agree with the court below and the *Gomez* line of cases that, at minimum, by finding the special circumstances true, the jury found beyond a reasonable doubt that defendant was a major participant in the robbery and burglary who acted with reckless indifference to human life. Thus, he was prima facie ineligible for relief as a matter of law.

## III.  DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.